IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

MICHELLE IMBIEROWICZ                                              PLAINTIFF
903 Poppy Hills Court
Bowling Green, Kentucky 42104

                                                     Case No.  1:20-cv-134-GNS

v.

                                                 Chief Judge  Greg N. Stivers

EQUIFAX INFORMATION SERVICES, LLC                          DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Michelle Imbierowicz, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting dispute; Equifax's false and derogatory reporting of an alleged past due CBNA account allegedly belonging to Plaintiff; and Defendant's failure to correct the false and derogatory reporting of the CBNA tradeline on Plaintiff's Equifax credit report.

### II. PARTIES

2. Plaintiff, Michelle Imbierowicz, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 903 Poppy Hills Court, Bowling Green, Kentucky 42104.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Warren County, Kentucky as a result of the Defendant's doing business in Warren County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around January 2020, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax credit report and discovered that CBNA was reporting a paid and closed CBNA account with alleged late payments in 2015 and 2016. Plaintiff was only an authorized user on the CBNA account, not the account holder.

9. Upon information and belief, Equifax, pursuant to the requirements stated in 15

U.S.C. §1681i(a)(2)(A), notified CBNA of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

10. In February 2020, Equifax verified the accuracy of the inaccurate and derogatory CBNA tradeline.

11. Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

12. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following their receipt of Plaintiff's dispute.

13. The Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to investigate Plaintiff's dispute and Defendant's reporting of the CBNA tradeline. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act

14. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

15. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

16. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act**

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michelle Imbierowicz, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Michelle Imbierowicz, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Michelle Imbierowicz* (signature)
Michelle Imbierowicz

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF ~~JEFFERSON~~ Warren )

Subscribed, sworn to and acknowledged before me by Michelle Imbierowicz this 1 day of July, 2020.

*Tracy D. Blankenship* (signature) #559566
Notary Public
Commission expires: 07/13/2020

**TRACY D. BLANKENSHIP**
**NOTARY PUBLIC**
Kentucky, State at Large
My Commission Expires 07-13-2020